2000 OK 39

**STATE OF OKLAHOMA ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Timothy J. ADAMSON, Respondent.**

**No. SCBD–4520.**

Supreme Court of Oklahoma.

May 16, 2000.

¶ 0 **Order Approving Resignation From Oklahoma Bar Association Pending Disciplinary Proceedings**

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Timothy J. Adamson (Adamson/attorney), pending disciplinary proceedings, the application reveals:

1) On May 2, 2000, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding. On July 7, 1999, the respondent was suspended for failure to pay his Oklahoma Bar Association Dues and for failure to comply with Mandatory Continuing Legal Education.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation. The respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing.

3) The respondent states in his affidavit of resignation that he is aware of a grievance filed against him with the Office of the General Counsel of the Oklahoma Bar Association and that the grievance is subject to amendment. The grievance alleges that, in two instances, the respondent accepted settlement checks, depositing those checks in his trust account with knowledge that a portion of the checks were the property of various medical providers. In addition, the grievance indicates that the respondent has not cooperated in the grievance process. Rules 1.3, 1.4 and 5.2, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A; Rules 1.15, 8.1 and 8.4, Rules of Professional Conduct, 5 O.S.1991 Ch.1, App. 3–A.

4) The respondent's affidavit indicates that the complaint is subject to amendment and that two additional charges of misconduct may be added. The first relates to the acceptance of a fee in a divorce case in which: a) there has been no work done on behalf of the client; b) there has been a failure to communicate with the client; and c) the fee has not been refunded. The second concerns a plea of *nolo contendre* in Bradley County, Tennessee to charges of: a) felonious possession of a controlled dangerous substance; b) felonious possession of drug paraphernalia; c) misdemeanor possession of alcohol in a commercial vehicle; and d) misdemeanor violation of the Tennessee seat belt law.

5) The respondent waives any and all right to contest the allegations outlined in the affidavit.

6) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.

7) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and it should be approved.

8) The official roster address of the respondent as shown by the Bar Association records As: 1002 N. Carr, Newcastle, Oklahoma 73065.

9) The Bar Association has waived costs in the investigation of this matter.

10) The respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of Timothy J. Adamson pending disciplinary proceedings be approved.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of Timothy J. Adamson be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of the reinstatement.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 15ᵗʰ DAY OF MAY, 2000.

/s/ Hardy Summers
HARDY SUMMERS, Chief Justice

¶5 HARGRAVE, V.C.J., HODGES, OPALA, KAUGER, WATT, BOUDREAU, WINCHESTER, JJ., concur.

¶6 LAVENDER, J., not voting.